UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WAYNE L. WRIGHT,

    Plaintiff,

vs.                                   Case No. 16-96

OSHKOSH CORPORATION,

    Respondent.

NOW COMES the plaintiff, Wayne L. Wright, through his counsel, Alan C. Olson & Associates, S.C., by Alan C. Olson and Nicholas M. McLeod, and, as and for a Complaint against the defendant, Oshkosh Corporation, alleges and shows as follows:

### NATURE OF THE CASE

1. This is a suit brought by the plaintiff, Wayne L. Wright, under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 (ADAAA) (42 U.S.C. §§ 12101 to 12213), against the defendant, Oshkosh Corporation, for injuries caused by its failure to accommodate Mr. Wright's disabilities and discharge of Mr. Wright because of his disabilities. Mr. Wright raises a supplemental claim for breach of contract.

### JURISDICTION AND VENUE

2. Jurisdiction over Mr. Wright's ADA claims is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117(a) and 42 U.S.C. 2000e-5(f)(3).

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, in that Oshkosh Corporation can be found in the

Eastern District and its unlawful actions occurred in the Eastern District.

4. Supplemental jurisdiction over Mr. Wright's claim for breach of contract is conferred on this court by 28 U.S.C. § 1367.

## CONDITIONS PRECEDENT

5. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

6. On or about December 13, 2013, Mr. Wright filed a disability discrimination complaint against Oshkosh Corporation with the Wisconsin Equal Rights Division which was cross-filed with the Equal Employment Opportunity Commission.

7. On or about October 28, 2015, the Equal Employment Opportunity Commission issued Mr. Wright a Notice of Right to Sue.

## JURY DEMAND

8. Plaintiff demands that his claims be tried to a jury of his peers.

## PARTIES

9. Plaintiff, Mr. Wright, resides at 42 Cornerstone Rd., Hattiesburg, Mississippi, 39402.

10. Defendant, Oshkosh Corporation, is a corporation organized and existing under the laws of the State of Wisconsin, engaged in the business of manufacturing, with principal offices located at 2307 Oregon Street, Oshkosh, WI 54902.

## OPERATIVE FACTS

11. The Plaintiff, Wayne Wright, is a 60% disabled veteran.

12. On February 4, 2011, Mr. Wright was diagnosed with coronary artery disease.

13. On December 12, 2011, Mr. Wright commenced his employment as

Director, Global IT, Enterprise IT Strategy Execution Office Leader for the Defendant, Oshkosh Corporation.

14. Oshkosh Corporation had 15 or more employees on the payroll for 20 or more calendar workweeks in either the current or preceding calendar year of the events relevant to this suit.

15. In September 2012, Oshkosh Corporation awarded Mr. Wright 600 Stock Grants and 1000 Stock Options.

16. In November 2012, Mr. Wright received a bonus award that he earned under Oshkosh Corporation's Fiscal Year 2012 Management Incentive Plan.

17. In February and April of 2013, Mr. Wright fell asleep on his way to work.

18. On May 16, 2013, Mr. Wright was diagnosed with Idiopathic Hypersomnia, a sleep disorder.

19. After his Idiopathic Hypersomnia diagnosis, Mr. Wright was prescribed medication, the side effects from which he explained to his supervisor, Dave Schecklman, and a member of Oshkosh's Human Resources Department, Melanie Bruins.

20. On August 30, 2013, Mr. Wright was diagnosed with Thoracic Outlet Syndrome ("TOS"), which caused pain in his back, neck and ribs. Mr. Wright informed Mr. Schecklman of his TOS.

21. On September 29, 2013, Mr. Wright suffered severe chest pain and palpitations as a result of his coronary artery disease.

22. On October 2, 2013, Mr. Wright saw his cardiologist who advised that Mr. Wright may have had a mild heart attack and needed to have a stress test and possibly a

heart catherization in the coming weeks.

23. On October 3, 2013, Mr. Wright informed Mr. Schecklman that he may have had a mild heart attack and needed to have a stress test and possibly a heart catherization in the coming weeks.

24. On October 3, 2013, Mr. Wright was told by Mr. Schecklman that he was doing a great job.

25. Mr. Wright was never disciplined by Oshkosh.

26. Mr. Wright satisfied the requirements of his position.

27. Mr. Wright could perform the essential functions of his job with or without reasonable accommodation.

28. On October 4, 2013, Mr. Schecklman terminated Mr. Wright.

29. On October 4, 2013, Mr. Schecklman told Mr. Wright that his termination was not due to his performance.

30. On October 4, 2013, Mr. Schecklman explained to Mr. Wright that his termination was due to his position being eliminated and that no other director level positions existed.

31. On October 4, 2013, Mr. Wright was scheduled to interview two candidates for director level positions later that day.

32. Mr. Wright satisfied the requirements of the open positions and could perform the essential functions of his job with or without reasonable accommodation.

33. Oshkosh Corporation filled the open positions with individuals who were not disabled.

34. Oshkosh Corporation knew or reasonably should have known about Mr.

Wright's disabilities and the need for accommodation.

35. Oshkosh failed to reasonably accommodate Mr. Wright's disabilities.

36. Oshkosh terminated Mr. Wright because of his disabilities.

37. At all times relevant to this action, Mr. Wright was a disabled individual with a physical or mental impairment that substantially limited one or more major life activities; had a record or past history of impairment; and/or was regarded as having an impairment.

38. At all times relevant to this action, Mr. Wright was substantially limited by his disabilities in performing one or more major life activities.

39. At the time of his discharge, Mr. Wright had earned bonus remuneration of $47,580 which Oshkosh Corporation has failed to pay.

40. Oshkosh Corporation's unlawful conduct has caused Mr. Wright to suffer losses of wages, benefits, expenses, insurance, advancement opportunities, emotional pain, suffering, humiliation, embarrassment, mental anguish, and interest— all to his damage.

### FIRST CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT

41. As and for a first claim for relief, Mr. Wright re-asserts the allegations recited above and fully incorporate those paragraphs herein by reference.

42. The allegations more particularly described above constituted violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. when Oshkosh Corporation failed to accommodate Mr. Wright and discharged Mr. Wright because of his disabilities, causing him to suffer a loss of income.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

43. As and for a second claim for relief, Mr. Wright re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

44. Oshkosh Corporation breached Mr. Wright's contract for bonus remuneration by failing to pay Mr. Wright the estimated sum of $47,580.

45. The allegations more particularly described above caused Mr. Wright a loss of contractual remuneration.

Wherefore plaintiff, Wayne L. Wright, demands relief as follows:

    A. Judgment against the defendant awarding Mr. Wright compensatory damages for losses of wages, benefits, expenses, insurance, advancement opportunities, emotional pain, suffering, humiliation, embarrassment, mental anguish, and interest;

    B. Judgment against the defendants awarding Mr. Wright his costs, disbursements, prejudgment interest, actual attorney fees and expert witness fees incurred in prosecuting this claim, together with interest on said fees; and

    C. Judgment against Oshkosh Corporation requiring it to post in conspicuous places in its premises, a notice stating that it has been found to have violated the Americans With Disabilities Act of 1990, as amended, and that defendant, Oshkosh Corporation, will take corrective action;

    D. Judgment against Oshkosh Corporation awarding Mr. Wright punitive damages in an amount consistent with 42 U.S.C. § 1981(a)(3);

    E. Judgment against Oshkosh Corporation awarding Mr. Wright his

earned but unpaid contractual remuneration; and

F.  Such other relief as the Court deems just and equitable.

Dated this 26th day of January, 2016.

        s/ Alan C. Olson
        Alan C. Olson, Bar Number: 1008953
        Nicholas M. McLeod, Bar Number:
        Attorneys for Plaintiffs
        Alan C. Olson & Associates, S.C.
        2880 S. Moorland Rd.
        New Berlin, WI  53151
        Telephone: (262) 785-9606
        Fax: (262) 785-1324
        Email: AOlson@Employee-Advocates.com